RETURN TO CUSTOMER

John Du Wors, State Bar No. 233913
john@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:  (206) 274-2800
Facsimile:  (206) 274-2801

Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
150 California Street, Suite 2100
San Francisco, CA 94111
Telephone:  (415) 944-5422
Facsimile:  (415) 944-5423

Attorneys for Defendants
Bio Trust Nutrition LLC and Joel Marion

```
                    FILED
            CLERK, U.S. DISTRICT COURT

                 OCT 31 2013

            CENTRAL DISTRICT OF CALIFORNIA
            BY                      DEPUTY
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

WILLIAM SILVERSTEIN,

        Plaintiff,

        v.

BIOTRUST NUTRITION LLC, JOEL
MARION, MICHAEL PERSAUD, and
DOES 1-50 inclusive,

        Defendants.

No. CV13-08041-CAS (MAWx)

**NOTICE OF REMOVAL UNDER**
**28 U.S.C. § 1441(B) (DIVERSITY)**

By Fax

1
**NOTICE OF REMOVAL**

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2      PLEASE TAKE NOTICE that Defendant Joel Marion hereby removes to this

3  Court the state court action described below:

4      1.    On August 5, 2013, an action was commenced in the Superior Court of

5  the State of California in and for the County of Los Angeles, Central District –

6  Unlimited Division. The action is entitled William Silverstein, Plaintiff, v.

7  BioTrust Nutrition LLC et al., Defendants, case number BC517126. A copy of the

8  complaint is attached hereto as **Exhibit 1**.

9      2.    This action is a civil action of which this Court has original jurisdiction

10 under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant

11 to the provisions of 28 U.S.C. § 1441, subsection (b). With exception of those

12 Defendants that were voluntarily dismissed with prejudice and fraudulently joined,

13 and are thus ignored for purposes of determining diversity, this is a civil action

14 between citizens of different states and the matter in controversy exceeds the sum

15 of $75,000, exclusive of interest and costs.

16     3.    Plaintiff William Silverstein is a citizen of and an individual domiciled in

17 the State of California.

18     4.    At both the time the state court action was filed and at the time of

19 removal, Defendant BioTrust Nutrition LLC was and is a Texas limited liability

20 company. The sole members of BioTrust are Josh Bezoni and Joel Marion.

21 Mr. Bezoni is an individual domiciled in the State of Texas. Mr. Marion is an

22 individual domiciled in the State of Florida. Thus, BioTrust is not a citizen of

23 California for purposes of diversity jurisdiction. The undersigned attorney is

24 counsel of record for BioTrust, Messrs. Bezoni and Marion. BioTrust, Messrs.

25 Bezoni and Marion consent to removal.

26     5.    Because it was voluntarily dismissed with prejudice on September 10,

27 2013, Defendant Intelligent Beauty, Inc. need not consent to removal and is

28 ignored for purposes of determining diversity.

6.     Because it was voluntarily dismissed with prejudice on September 10, 2013, Defendant DermStore, Inc. need not consent to removal and is ignored for purposes of determining diversity.

7.     At both the time the state court action was filed and at the time of removal, Defendant Joel Marion was and is a citizen of and an individual domiciled in the State of Florida. The undersigned attorney is counsel of record for Mr. Marion. Mr. Marion consents to removal.

8.     At both the time the state court action was filed and at the time of removal, Defendant Michael Persaud allegedly was and is a citizen of and an individual domiciled in the State of California. But Mr. Persaud is a fraudulently-joined defendant added for the sole purpose of preventing diversity. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1255 (9th Cir. 1999). Mr. Persaud was fraudulently joined because there is no factual basis for the claims pleaded against him. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998). Specifically, Defendants did not hire Michael Persaud to send or advertise in any of the emails at issue in this lawsuit. *See* Declaration of Joel Marion, dated October 25, 2013 ("Marion Decl."), ¶ 3. And Plaintiff's claims to the contrary are entitled no deference. *Smoot v. Chicago, Rock Island & Pacific Railroad Co., Inc.*, 765 F.2d 932, 936 (9th Cir. 1985). In fact, Defendants had never heard of Michael Persaud prior to the filing of this lawsuit. *See* Marion Decl., ¶ 3. Plaintiff has refused to provide any evidence supporting the joinder of Michael Persaud. *See* Declaration of Leeor Neta ("Neta Decl."), dated October 29, 2013, ¶ 2. Plaintiff fraudulently joined Michael Persaud for the sole purpose of defeating diversity and avoiding binding Ninth Circuit authority that his claims are preempted. *See id.* Thus, Mr. Persaud's presence is ignored for purposes of determining diversity. *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

9.     The citizenship of parties sued under fictitious names (e.g. Does 1–50) is

disregarded for purposes of removing on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a). 28 U.S.C. § 1441(a); *Wood v. Davis*, 59 U.S. 467, 469 (1855) ("It has been repeatedly decided by this court, that . . . nominal parties . . . cannot oust the federal courts of jurisdiction . . . "); *Roth v. Davis*, 231 F.2d 681, 683 (9th Cir. 1956) ("In determining the question whether diversity of citizenship requisite to jurisdiction exists . . . the presence of a nominal party with no real interest in the controversy will be disregarded.") (quotations and citation omitted); *Strotek Corp. v. Air Transp. Ass n. of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002) ("Nor may the presence of a sham or nominal party defeat removal on diversity grounds.") (citations omitted). The unidentified defendants Does 1–50 are not required to consent to removal. *See Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70, 72 (9th Cir. 2010) (nominal parties are not required to consent to removal).

10.  Defendant Joel Marion was never served with the complaint. *See* Marion Decl. at ¶ 4. Less than 30 days ago, Mr. Marion received a copy of the entry of dismissal with prejudice against in-state defendants Intelligent Beauty and DermStore. *See id*. A copy of the entry of dismissal is attached hereto as **Exhibit 2**. Because Plaintiff voluntarily dismissed Intelligent Beauty and DermStore with prejudice less than one year after filing the complaint and Joel Marion learned of this voluntary dismissal less than 30 days ago, Joel Marion is now entitled to remove. *See Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978).

11.  A copy of all other pleadings, process and orders served on BioTrust in the state action is attached hereto as **Exhibit 3**.

12.  All of the Defendants that have been properly joined and served agree to removal. 28 U.S.C. § 1446, subsection (b)(2)(A).

13.  Although Plaintiff's complaint seeks unspecified damages, it is apparent that the amount-in-controversy exceeds the sum of $75,000, exclusive of interest and costs.

14.  California Business & Professions Code Section 17529.5 entitles Plaintiff

to liquidated damages at the rate of $1,000 per email message received. Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii). Although Plaintiff complains of receiving only seventy emails, he has received well over seventy-five email messages advertising BioTrust's products. *See* Marion Decl. ¶ 2. So the potential statutory damages award—by itself—reaches $75,000.

15.   Apart from liquidated damages, California Business & Professions Code Section 17529.5 also entitles Plaintiff to actual damages. Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(i). Actual damages are taken into account in determining the amount in controversy. Plaintiff's actual damages award potentially exceeds $5,000, causing the amount in controversy to exceed $75,000.

16.   California Business & Professions Code Section 17529.5 also subjects to Plaintiff to attorney's fees and costs of suit. Cal. Bus. & Prof. Code § 17529.5(b)(1)(C). Attorney's fees are taken into account in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-1156 (9th Cir. 1998); *Goldberg v. CPC International Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982); *see also Morrison v. Allstate Indem. Co.*, 228 F. 3d 1255, 1265 (11th Cir. 2000). Although Plaintiff is currently proceeding pro se, counsel for Defendants has litigated against Plaintiff in previous similar cases. *See* Declaration of John Du Wors, dated October 29, 2013, ¶ 2. Counsel for Defendants maintains that Plaintiff's standard practice is to substitute counsel at some point during litigation in order to take advantage of the statutory fee award. *See id*. Plaintiff's attorney's fee award potentially exceeds $5,000, causing the amount in controversy to exceed $75,000.

17.   Plaintiff seeks liquidated damages, actual damages, and attorney's fees. These damages awards—taken together—cause the amount in controversy to exceed $75,000.

1

18.  Based on the foregoing, complete diversity of citizenship exists.

2

3

Respectfully submitted this 31st day of October 2013.

4

5

                              **NEWMAN DU WORS LLP**

6

7

                              _____

8

                              Lecor Neta (State Bar No. 233454)

9

                              John Du Wors (State Bar No. 233913)

10

                              Attorneys for Defendants

11

                              Bio Trust Nutrition LLC and Joel Marion

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT - 1

FILED
LOS ANGELES SUPERIOR COURT

AUG 05 2013

JOHN A. CLARKE, CLERK

BY L. JOHNSON, DEPUTY

1  William Silverstein
2  3540 Wilshire Blvd. Suite 1205
   Los Angeles, CA 90010
3  (213) 632-5297
4  *In Propria Personum*

5
6
7
8                    CALIFORNIA SUPERIOR COURT
9                     COUNTY OF LOS ANGELES
                CENTRAL DISTRICT - UNLIMITED CIVIL
10                       D16 Rita Miller

11  William Silverstein,              CASE NO. BC 517126
         Plaintiff,
12                                    **VERIFIED COMPLAINT FOR**
13  vs.                              **DAMAGES AND INJUNCTIVE**
                                     **RELIEF**
14  Bio Trust Nutrition LLC, Intelligent Beauty, Inc.,
15  DermStore Inc., Joel Marion, Michael Persaud, and   1.   Violations of Business and
    DOES 1-50 inclusive;                                     Professions Code § 17529.5
16       Defendants,
                                                        **JURY TRIAL DEMANDED**
17

18                          **INTRODUCTION**

19       1.  This action is a for illegal unsolicited commercial e-mails aka advertising

20  Defendants web sites and products.

21       2.  Defendants hired Persaud to send, some if not all of the complained of e-mails for

22  them, despite the fact that Persaud had a six figure judgment against him for illegal spam, that

23  Persaud pled guilty in connection his fraud upon the United States Navy, and Persaud pled

24  guilty in connected with his charges for illegal spamming. Persaud, a defendant in this case,

25  has continued to flagrantly violate the anti-spam laws as set forth hereinafter. A true and

26  accurate copy of the judgment is attached hereto.

27

28                            **PARTIES**

29       3.  Plaintiff WILLIAM SILVERSTEIN is an individual operating as a sole proprietor

30  under the laws of the State of California and qualified and doing business under his own name

31  with a principal place of business in Los Angeles, California.

CIT/CASE: BC517126
LEA/DEF#:

RECEIPT #: CCH439933049
DATE PAID: 08/05/13 08:35 AM
PAYMENT: $435.00
RECEIVED:
   CHECK:
   CASH:
   CHANGE:
   CARD:

4.  Plaintiff that is an intermediary in sending or receiving electronic mail and provides registered users the ability to send or receive electronic mail through equipment located in the State of California.

5.  Plaintiff is an *"Electronic mail service provider"* as defined by California Business and Professions Code § 17529.1(h).

6.  Plaintiff is a professional software developer with over thirty years of professional software experience. Plaintiff has experience writing electronic mail ("e-mail") client and server programs as well as other internet software. Plaintiff has operated web sites and Internet accessible bulletin boards for more than twenty years.

7.  Plaintiff is informed and believes and thereon alleges that Defendant Bio Trust Nutrition, LLC is a Texas Limited Liability Company, herein referred to as Biotrust.

8.  Plaintiff is informed and believes and thereon alleges that Defendant Joel Marion is an individual residing in Tampa Florida.

9.  Plaintiff is informed and believes and thereon alleges that Defendant Intelligent Beauty, Inc. is a duly formed Delaware Limited Liability Company with its primary location at 2301 Rosecrans Ave in El Segundo, California, with a telephone number of 310-734-2570, and an e-mail address of domains@dermstore.com.

10. Plaintiff is informed and believes and thereon alleges that Defendant DermStore, LLC, Inc. is a duly formed Delaware Limited Liability Company with its primary location at 2301 Rosecrans Ave in El Segundo, California, with a telephone number of 310-734-2570, and an e-mail address of domains@dermstore.com.

11. Plaintiff is informed and believes and thereon alleges that both Intelligent Beauty, Inc. and DermStore, LLC are responsible for the e-mails advertising the Smart Lash Product on the dermstore.com web site. Plaintiff further alleges that DermStore, LLC is an alter-ego for Intelligent Beauty, Inc.

12. Plaintiff is informed and believes and thereon alleges that Michael Persaud is an individual residing in San Diego, California.

13. Plaintiff is informed and believes and thereon alleges that a Court has awarded America Online a judgment against Michael Persaud for illegal spamming in the amount of $580,409.32. A true and accurate copy is attached hereto as Exhibit A.

14. Plaintiff is informed and believes and thereon alleges that Michael Persaud has pled

1 guilty to charges of misappropriation of "Theft of Government Property" 18 U.S.C. 641 in

2 June of 2000.

3     15. Plaintiff is informed and believes and thereon alleges that Michael Persaud was

4 charged with and pled guilty to criminal charges related to illegal spamming.

5     16. Plaintiff is informed and believes and thereon alleges that Defendants BioTrust,

6 DermStore, Intelligent Beauty, Inc., and Joel Marion had hired, in some manner, Michael

7 Persaud to transmit the e-mails advertising their web sites and products.

8     17. Plaintiff is ignorant of the true names and capacity of Defendants sued herein as

9 DOES 1-50, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff

10 will amend this complaint to allege their true names and capacities when ascertained.

11     18. Plaintiff is informed and believes and thereon alleges that each of the fictitiously

12 named Defendants is responsible in some manner for the occurrences herein. Plaintiff is

13 informed and believes and thereon alleges that these occurrences are the proximate cause of

14 damages to Plaintiff.

15     19. Plaintiff is informed and believes and thereupon alleges that at all times relevant,

16 the herein DOE Defendants were the agents, servants, employees, and the co-conspirators of

17 the named Defendants and all Defendants are doing the things hereinafter mentioned were

18 acting within the course and scope of their authority as such agents, servants, and employees

19 with the permission, consent, and encouragement of their co-Defendants.

20     20. Plaintiff is informed and believes and thereon alleges that Defendants have a high

21 degree of control over any agents that have been contracted and paid to send advertising

22 through e-mail.

23     21. Plaintiff is informed and believes and thereon alleges that Defendants have a

24 refused take any actions to prevent their agents from sending e-mails which violate the law.

25

26 **JURISDICTION AND VENUE**

27     22. The harm occurred within the jurisdiction of this Court as the e-mail messages

28 complained of herein were received by Plaintiff in Los Angeles, California.

29     23. The harm occurred within the jurisdiction of this Court as the e-mails complained

30 of herein were unlawfully relayed through Plaintiff's servers located within Los Angeles

31 County of California.

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

24. Plaintiff is informed and believes and thereon alleges that all Defendants regularly solicit business from residents of the State of California.

25. Plaintiff is informed and believes and thereon alleges that Defendant Michael Persaud resides in San Diego, California.

26. Plaintiff is informed and believes and thereon alleges that Defendant Intelligent Beauty, Inc. and DermStore, LLC are located within Los Angeles County.

## SOME TECHNICAL BACKGROUND

27. A bounce e-mail, also known as "Bounce" is electronic mail that is returned to the sender because it cannot be delivered for some reason, typically as a result of being sent to an invalid e-mail address.

28. A "redirecting link" is a link contained within an e-mail which when clicked on, will take the user to another web site.

29. A mail-loop is a situation which develops when e-mail is forwarded to another e-mail account and is eventually forwarded back to an earlier forwarder in the chain, resulting in an e-mail being infinitely forwarded.

30. Whois is the method to determine the owner of the domain name. *"Technically, WHOIS is not the database, itself, but a protocol for submitting a query to a database in order to find contact information for the owner of a domain name." Solid Host NL v. NameCheap,* 652 F. Supp. 2d 1092, 1095 n. 3 (C.D. Cal. 2009).

## THE BIOTRUST E-MAILS

31. Plaintiff is complaining of seventy (70) e-mails received between November 1, 2012, and February 6, 2013, advertising website located at fatbunringhormone.com, hereinafter referred to as the "Biotrust e-mails."

32. Each of the BioTrust e-mails advertised a redirecting link which in turn advertised the domain name, and the web site located at, thefatburninghormone.com.

33. The whois information for the domain name thefatburninghormone.com indicates that the domain name advertised is owned by Defendant Joel Marion.

34. Plaintiff is informed and believes and thereupon alleges that the website at thefatburninghormone.com is an advertisement for Defendant BioTrust operated by Defendant

-4-

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

Marion.

35. There is nothing on the web site located at thefatburninghormone.com that indicates that the website is operated or owned by Defendant BioTrust.

36. The advertising on the website located at thefatburninghormone.com, the web site provides information on BioTrust Products directs the viewer to Defendant Biotrust's web site to place an order.

37. Plaintiff is informed and believes and thereupon alleges that Defendants hired a convicted criminal, Michael Persaud, to send some or all of the BioTrust e-mails.

38. Defendants BioTrust, and Marion are strictly liable for the spam as it advertised their domain names and products, regardless of their knowledge of the spam being sent. Hypertouch, Inc. v. ValueClick, Inc., 192 Cal. App. 4th 805.

39. Some of the BioTrust e-mails contains the third party domain name yahoo.com which Plaintiff is informed and believes, and therefore alleges were used without the permission of the owner of the domain name.

40. Some of the Biotrust e-mails included falsified *"Delivered-To"* headers.

41. Plaintiff is informed and believes and thereupon alleges that from lines in the headers were falsified.

**THE SMARTLASH E-MAILS**

42. Plaintiff is complaining of at least 30 e-mails advertising the Product "Smart Lash" at the web site located at dermstore.com which were bounced through Plaintiff's server between November 1, 2012 and June 1, 2013, hereinafter referred to as the "SmartLash e-mails." Plaintiffs believe he will find more as investigations are ongoing.

43. Each of the SmartLash e-mails contained redirecting link which in turn advertised the web page for the Smart Lash Product on the web site located at dermstore.com.

44. Plaintiff is informed and believes and thereupon alleges that both Dermstore LLC and Intelligent Beauty, Inc. own and operate the web site located at dermstore.com.

45. Plaintiff is informed and believes and thereupon alleges that both Dermstore LLC and Intelligent Beauty, Inc. Benefits from the Smart Lash e-mails.

46. Defendants SmartLash and Dermstore are "advertisers" pursuant to Cal. Bus. & Prof. Code § 17529.1(a) because they are persons or entities that advertise through the use of

-5-                    VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

commercial e-mail advertisements.

47. Each of the SmartLash e-mails contained a redirecting link, when in turn directed the user to the final advertised web site at dermstore.com advertising the Smart Lash product.

48. Dermstore and SmartLash are strictly liable for the SmartLash spam as it advertised their web site and product domain names, regardless of their knowledge of the spam being sent. Hypertouch, Inc. v. ValueClick, Inc., 192 Cal. App. 4th 805.

49. All of the SmartLash e-mails contains the third party domain name yahoo.com which Plaintiff is informed and believes, and therefore alleges were used without the permission of the owner of the domain name.

50. All of the SmartLash e-mails included falsified *"Delivered-To"* headers.

51. Plaintiff is informed and believes and thereupon alleges that from lines in the all of the SmartLash e-mails were falsified.

52. As a result of the falsified *"Delivered-To"* in the e-mail header, the e-mails were attempted to be returned to the sender of the e-mail.

53. When Plaintiff's server attempted return the e-mails to senders, as identified in the headers, the e-mails became stuck in Plaintiff's outbound server queue.

54. Plaintiff is informed and believes, and therefore alleges that all of the e-mails were stuck in Plaintiff's outbound queue as a result of the e-mail header being falsified.

## FACTS COMMON TO ALL CLAIMS

55. Plaintiff was the mail service provider of each of the complained of e-mails.

56. Plaintiff is informed and believes, and therefore alleges that each of the complained e-mails had domain names contained within the "From" lines which were registered through an anonymous proxy service or registered using false information.

57. Plaintiff is informed and believes and thereupon alleges that Defendants knew that each of the complained e-mails were not wanted by the recipient.

58. Plaintiff is informed and believes and thereupon alleges that Defendants knew that each of the complained e-mails were not wanted by the mail service provider.

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

# FIRST CAUSE OF ACTION
(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17529.5)

59. Plaintiff hereby incorporates by reference paragraphs 1 through 63, inclusive, as if the same were fully set forth herein.

60. Each of the complained of e-mails were not solicited.

61. Each of the complained of e-mails traversed Plaintiff's mail server.

62. Plaintiff's e-mail addresses are California e-mail addresses as defined by California Business and Professions Code § 17529.1(b).

63. Each of the e-mail addresses that the e-mails were sent to are California e-mail addresses as defined by California Business and Professions Code § 17529.1(b).

64. Plaintiff is informed and believes and thereupon alleges that at all times relevant, the herein mentioned Defendants knew that their activities were in violation of the law.

65. Plaintiff was the mail service provider for each of the complained of e-mails.

66. For each of the complained of e-mails, each were had been processed by Plaintiff's server.

67. Plaintiff is informed and believes, and therefore alleges that each of the senders' domain names did not represent a real company and could not be readily traced back to to the true sender of the e-mails.

68. Plaintiff is informed and believes, and therefore alleges that each of the from lines in the e-mails were designed to prevent e-mail recipients from being able to identify the sender of the e-mails.

69. Plaintiff is informed and believes, and therefore alleges that each of the from lines in the e-mails were designed to prevent e-mail recipients from being able to contact the sender of the e-mails.

70. Plaintiff is informed and believes, and therefore alleges that each of the from lines in the e-mails were designed to prevent e-mail recipients from being able to identify the sender of the e-mails.

71. Plaintiff is informed and believes, and therefore alleges that complained of e-mails purported contained "From" lines containing nonsensically named domain names.

72. Plaintiff is informed and believes, and therefore alleges that complained of e-mails

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1    purported contained "From" lines domain names which did not identify the sender.

2         73. Plaintiff is informed and believes, and therefore alleges that complained of e-mails

3    purported contained "From" lines domain names which did not identify the advertiser.

4         74. Plaintiff is informed and believes, and therefore alleges that each of the

5    aforementioned domain names were either registered using a anonymous domain name proxy

6    service or using falsified information.

7         75. Plaintiff is informed and believes, and therefore alleges that a whois lookup on each

8    of the domain names contained within the e-mails would not have identified either the sender

9    or advertiser.

10        76. Plaintiff is informed and believes, and therefore alleges that complained of e-mails

11   contained "From" lines which included a non-functioning e-mail address.

12        77. Plaintiff is informed and believes, and therefore alleges that aforementioned non-

13   functioning e-mail addresses inclusion of a non-functioning e-mail address impaired the ability

14   of the recipient of the e-mails to contact the sender of the e-mail.

15        78. Plaintiff is informed and believes, and therefore alleges that aforementioned non-

16   functioning e-mail addresses inclusion of a non-functioning e-mail address impaired the ability

17   of the e-mail service provider to contact the sender of the e-mail.

18        79. The inclusion of a non-functioning e-mail address impaired the ability of the

19   recipient of the e-mails to contact the sender of the e-mail.

20        80. Plaintiff is informed and believes, and therefore alleges that complained of e-mails

21   purported contained "From" lines stating that it came from businesses that did not clearly

22   identify the Defendants.

23        81. Plaintiff is informed and believes, and therefore alleges that each of the complained

24   of e-mails purported advertised a redirecting link which when activated would have direct the

25   recipient to a web site of contained "From" lines to be from an e-mail addresses that were not

26   functioning.

27        82. Each of the complained of e-mails advertised a redirecting link, when in turn

28   directed the user to the final advertised web site, belong to Defendant

29        83. WHEREFORE, Plaintiff prays for judgment against Defendants damages as set

30   forth in the Prayer for relief.

31

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

A.    Statutory damages, under Cal. Bus. & Prof. Code § 17529.5 of $1,000 each for the spam e-mails received which advertising Defendant's domain names;

B.    General damages in an amount to be determined at trial;

C.    Attorney's fees and costs as allowed by law; and

D.    For such other and further relief as the Court may deem just and proper.


Dated:        August 4, 2013




                                                Plaintiff,


                                                William Silverstein, Plaintiff


**VERIFICATION**

The undersigned, for himself, declares:

I am Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. With respect the causes of action alleged by me, the same is true of my own knowledge, except as those matters which are therein stated on information and belief, and, to those matters, I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Dated:        August 4, 2013




                                                William Silverstein

-9-                          VERIFIED COMPLAINT
                             FOR DAMAGES AND INJUNCTIVE RELIEF

08/05/2013

Exhibit A

# EXHIBIT A

# EXHIBIT A

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

USDC SCAN INDEX SHEET

















LMH    9/1/99    10:49

3:98-CV-02284   AMERICA ONLINE INC V. PERSAUD

*17*

*JGM.*

1  STEINHART & FALCONER LLP
   ANDREW J. BERMAN (State Bar No. 146200)
2  LISA M. SITKIN (State Bar No. 194127)
   333 Market Street, Thirty-Second Floor
3  San Francisco, CA 94105-2150
   Telephone:    (415) 777-3999
4  Facsimile:    (415) 442-0856

5  Attorneys for Plaintiff
   AMERICA ONLINE INCORPORATED

6

                    99 AUG 31 PM 2:58

7                   UNITED STATES DISTRICT COURT

8                   SOUTHERN DISTRICT OF CALIFORNIA

9  AMERICA ONLINE INCORPORATED, a          Case No. 98-CV-2284 TW (LAB)
   Delaware corporation,
10
                    Plaintiff,
11
          v.                                 **JUDGMENT**
12
   MICHAEL ALEXANDER PERSAUD (a/k/a
13 JAMES BUTTERFIELD, HENRY
   SUMMERS, BRIAN CRAWFORD) d/b/a
14 ADVANCED NETWORK PROMOTIONS,

15                  Defendant.

16
17        Pursuant to this Court's August 24, 1999 Order Granting Motion for Default Judgment;

18 Awarding Restitution, Damages and Prejudgment Interest; Entering Permanent Injunctive Relief;

   and Terminating Case, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
19
          Plaintiff America Online Incorporated ("AOL"), a Delaware corporation, shall have and
20
   recover from defendant Michael Alexander Persaud ("Persaud"), an individual, restitution in the
21
   amount of $ 490,000, damages in the amount of $ 54,600, and prejudgment interest of $ 35,809.32
22
   (10 percent per annum accruing from the date of service of the Complaint in this action, December
23
   27, 1998, to the date of entry of judgment, August 24, 1999) for a total judgment of $580,409.32;
24
   and that permanent injunctive relief shall be entered against Persaud as set forth in the August 23
25
   Order.
26
27 DATED:    AUG. 31   , 1999

                                          _____
28                                        Hon. Thomas J. Whelan
                                          United States District Judge

                                                  ENTERED ON 9-1-99

   JUDGMENT
   AOL v. Michael Alexander Persaud et al., Case No. 98-CV-2284 TW (LAB)                  Page 1
   23066.1

08/05/2013

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>William Silverstein<br>3540 Wilshire Blvd, Suite 1205<br>Los Angeles, CA 90010 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (213) 632-5297   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff in pro per | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>AUG 05 2013<br><br>JOHN A. CLARKE, CLERK<br>BY L. JOHNSON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District -- Stanley Mosk Courthouse

| CASE NAME:<br>Silverstein v. Bio Trust Nutrition LLC et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **BC 517 126** |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  1
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 4, 2013

William Silverstein
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: Silverstein v. Bio Trust Nutrition LLC, et al. | CASE NUMBER BC517126 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Silverstein v. Bio Trust Nutrition LLC, et al. | CASE NUMBER |
|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|
| Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

Row category labels (left margin, rotated):
Non-Personal Injury/ Property Damage/ Wrongful Death Tort • Employment • Contract • Real Property • Unlawful Detainer

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Silverstein v. Bio Trust Nutrition LLC, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Silverstein v. Bio Trust Nutrition LLC, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: `Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 3540 Wilshire Blvd. Suite 1205, Los Angeles, CA 90010 |
|---|---|
| CITY: Los Angeles | STATE: CA    ZIP CODE: 90010 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: *August 9, 2013*

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

EXHIBIT - 2

CIV-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>William Silverstein<br>3540 Wilshire Blvd. Suite 1205<br>TELEPHONE NO.: 213-632-5297　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff in pro per | RECEIVED<br>SEP 10 2013<br>ROOM 102<br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br>SEP 10 2013<br>JOHN A. CLARKE, CLERK<br>BY SHERRIE WORKU, DEPUTY<br>*FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: William Silverstein

DEFENDANT/RESPONDENT: BioTrust Nutrition, et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER: BC517126 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. **TO THE CLERK: Please dismiss this action as follows:**
   a. (1) [✓] With prejudice　(2) [ ] Without prejudice
   b. (1) [ ] Complaint　(2) [ ] Petition
   　　(3) [ ] Cross-complaint filed by *(name):*　　　　　on *(date):*
   　　(4) [ ] Cross-complaint filed by *(name):*　　　　　on *(date):*
   　　(5) [ ] Entire action of all parties and all causes of action
   　　(6) [✓] Other *(specify):** Only for the defendants Intelligent Beauty, Inc. and DermStore Inc.

2. *(Complete in all cases except family law cases.)*
   The court [ ] did [✓] did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: September 8, 2013

William Silverstein
(TYPE OR PRINT NAME OF [ ] ATTORNEY [✓] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

(SIGNATURE)

Attorney or party without attorney for:
[✗] Plaintiff/Petitioner　[ ] Defendant/Respondent
[ ] Cross-Complainant

3. **TO THE CLERK: Consent to the above dismissal is hereby given.****
   Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner　[ ] Defendant/Respondent
[ ] Cross-Complainant

*(To be completed by clerk)*

4. [ ] Dismissal entered as requested on *(date):*
5. [✓] Dismissal entered on *(date):* SEP 10 2013　as to only *(name):* See Above
6. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. [ ] Attorney or party without attorney notified on *(date):*
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   　　[ ] a copy to be conformed　[ ] means to return conformed copy

Date: SEP 10 2013　　　Clerk, by _____, Deputy

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

CIV-110

| PLAINTIFF/PETITIONER: William Silverstein | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BioTrust Nutrition, et al. | BC517126 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is (*check one below*):
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. (*If item 2c is checked, item 3 must be completed.*)

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*   ☐ Yes   ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA,**            )
**COUNTY OF LOS ANGELES**            )

    I am a resident of the County of Los Angeles, State of California and I am over the age of 18 and not a party to the within action.  My work address is **3540 Wilshire Blvd. Suite 417, Los Angeles, CA**

    On **September 8, 2013,** I served the foregoing document(s) entitled:

**"Request For Dismissal"**

on the interested parties in this action by placing a true and correct copy of such document(s) in an envelope(s) addressed as follows:

Matt Fojui
Intelligent Beauty, Inc.
2301 Rosecrans Ave, Suite 5100
El Segundo, CA 90245

(the "Addressee") and serving such document(s) as follows:
\_\_\_ BY PERSONAL SERVICE.  Between the hours of nine in the morning and five in the afternoon, I personally served such document(s) at the office of the Addressee by:
\_\_\_ leaving a copy of such document(s) in an envelope(s), addressed as set forth above to identify the party being served, with a receptionist or with a person having charge of such office; or
\_\_\_ since there is no person in the office with whom the document(s) may be left at the time I attempted to effect service, at \_\_\_:\_\_\_ \_\_.m. I left them in a conspicuous place in the attorneys' office.

 **X**  REGULAR MAIL.  On the service date set forth herein above in the County of Los Angeles, I deposited such envelope(s) with postage thereon fully prepaid in the United States mail.

    \_\_\_ BY OVERNIGHT MAIL.  I caused such document to be sent via \_\_\_ Express Mail, Return Receipt Requested / \_\_\_ Federal Express / \_\_\_ United Parcel Service.

    \_\_\_BY FACSIMILE TRANSMISSION.  I caused such document(s) to be transmitted to the Addressee by telecopier at the telecopier number set forth above.

Executed on **September 8, 2013,** at Los Angeles, California.

 **X** I declare under penalty of perjury that the above is true and correct.

          Francisco Gutierrez

EXHIBIT - 3

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 05 2013

JOHN A. CLARKE, CLERK

BY L. JOHNSON, DEPUTY

1 William Silverstein
2 3540 Wilshire Blvd. Suite 1205
  Los Angeles, CA 90010
3 (213) 632-5297
  *In Propria Personum*
4

5

6

7

8                    CALIFORNIA SUPERIOR COURT
                     COUNTY OF LOS ANGELES
9              CENTRAL DISTRICT - UNLIMITED CIVIL
                     D16 Rita Miller
10

11  William Silverstein,                   CASE NO. BC 517 126
          Plaintiff,
12                                          **VERIFIED COMPLAINT FOR
13  vs.                                     DAMAGES AND INJUNCTIVE
                                            RELIEF**
14  Bio Trust Nutrition LLC, Intelligent Beauty, Inc.,
15  DermStore Inc., Joel Marion, Michael Persaud, and    1.   Violations of Business and
    DOES 1-50 inclusive;                                      Professions Code § 17529.5
16        Defendants,
                                            **JURY TRIAL DEMANDED**
17

18                          **INTRODUCTION**

19      1.  This action is a for illegal unsolicited commercial e-mails aka advertising

20  Defendants web sites and products.

21      2.  Defendants hired Persaud to send, some if not all of the complained of e-mails for

22  them, despite the fact that Persaud had a six figure judgment against him for illegal spam, that

23  Persaud pled guilty in connection his fraud upon the United States Navy, and Persaud pled

24  guilty in connected with his charges for illegal spamming. Persaud, a defendant in this case,

25  has continued to flagrantly violate the anti-spam laws as set forth hereinafter. A true and

26  accurate copy of the judgment is attached hereto.

27

28                          **PARTIES**

29      3.  Plaintiff WILLIAM SILVERSTEIN is an individual operating as a sole proprietor

30  under the laws of the State of California and qualified and doing business under his own name

31  with a principal place of business in Los Angeles, California.

4.  Plaintiff that is an intermediary in sending or receiving electronic mail and provides registered users the ability to send or receive electronic mail through equipment located in the State of California.

5.  Plaintiff is an *"Electronic mail service provider"* as defined by California Business and Professions Code § 17529.1(h).

6.  Plaintiff is a professional software developer with over thirty years of professional software experience. Plaintiff has experience writing electronic mail ("e-mail") client and server programs as well as other internet software. Plaintiff has operated web sites and Internet accessible bulletin boards for more than twenty years.

7.  Plaintiff is informed and believes and thereon alleges that Defendant Bio Trust Nutrition, LLC is a Texas Limited Liability Company, herein referred to as Biotrust.

8.  Plaintiff is informed and believes and thereon alleges that Defendant Joel Marion is an individual residing in Tampa Florida.

9.  Plaintiff is informed and believes and thereon alleges that Defendant Intelligent Beauty, Inc. is a duly formed Delaware Limited Liability Company with its primary location at 2301 Rosecrans Ave in El Segundo, California, with a telephone number of 310-734-2570, and an e-mail address of domains@dermstore.com.

10. Plaintiff is informed and believes and thereon alleges that Defendant DermStore, LLC, Inc. is a duly formed Delaware Limited Liability Company with its primary location at 2301 Rosecrans Ave in El Segundo, California, with a telephone number of 310-734-2570, and an e-mail address of domains@dermstore.com.

11. Plaintiff is informed and believes and thereon alleges that both Intelligent Beauty, Inc. and DermStore, LLC are responsible for the e-mails advertising the Smart Lash Product on the dermstore.com web site. Plaintiff further alleges that DermStore, LLC is an alter-ego for Intelligent Beauty, Inc.

12. Plaintiff is informed and believes and thereon alleges that Michael Persaud is an individual residing in San Diego, California.

13. Plaintiff is informed and believes and thereon alleges that a Court has awarded America Online a judgment against Michael Persaud for illegal spamming in the amount of $580,409.32. A true and accurate copy is attached hereto as Exhibit A.

14. Plaintiff is informed and believes and thereon alleges that Michael Persaud has pled

-2-                    VERIFIED COMPLAINT
                       FOR DAMAGES AND INJUNCTIVE RELIEF

1  guilty to charges of misappropriation of "Theft of Government Property" 18 U.S.C. 641 in

2  June of 2000.

3      15. Plaintiff is informed and believes and thereon alleges that Michael Persaud was

4  charged with and pled guilty to criminal charges related to illegal spamming.

5      16. Plaintiff is informed and believes and thereon alleges that Defendants BioTrust,

6  DermStore, Intelligent Beauty, Inc., and Joel Marion had hired, in some manner, Michael

7  Persaud to transmit the e-mails advertising their web sites and products.

8      17. Plaintiff is ignorant of the true names and capacity of Defendants sued herein as

9  DOES 1-50, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff

10 will amend this complaint to allege their true names and capacities when ascertained.

11     18. Plaintiff is informed and believes and thereon alleges that each of the fictitiously

12 named Defendants is responsible in some manner for the occurrences herein. Plaintiff is

13 informed and believes and thereon alleges that these occurrences are the proximate cause of

14 damages to Plaintiff.

15     19. Plaintiff is informed and believes and thereupon alleges that at all times relevant,

16 the herein DOE Defendants were the agents, servants, employees, and the co-conspirators of

17 the named Defendants and all Defendants are doing the things hereinafter mentioned were

18 acting within the course and scope of their authority as such agents, servants, and employees

19 with the permission, consent, and encouragement of their co-Defendants.

20     20. Plaintiff is informed and believes and thereon alleges that Defendants have a high

21 degree of control over any agents that have been contracted and paid to send advertising

22 through e-mail.

23     21. Plaintiff is informed and believes and thereon alleges that Defendants have a

24 refused take any actions to prevent their agents from sending e-mails which violate the law.

25

26                  **JURISDICTION AND VENUE**

27     22. The harm occurred within the jurisdiction of this Court as the e-mail messages

28 complained of herein were received by Plaintiff in Los Angeles, California.

29     23. The harm occurred within the jurisdiction of this Court as the e-mails complained

30 of herein were unlawfully relayed through Plaintiff's servers located within Los Angeles

31 County of California.

-3-

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1    24. Plaintiff is informed and believes and thereon alleges that all Defendants regularly

2   solicit business from residents of the State of California.

3    25. Plaintiff is informed and believes and thereon alleges that Defendant Michael

4   Persaud resides in San Diego, California.

5    26. Plaintiff is informed and believes and thereon alleges that Defendant Intelligent

6   Beauty, Inc. and DermStore, LLC are located within Los Angeles County.

7

8   **SOME TECHNICAL BACKGROUND**

9    27. A bounce e-mail, also known as "Bounce" is electronic mail that is returned to the

10   sender because it cannot be delivered for some reason, typically as a result of being sent to an

11   invalid e-mail address.

12    28. A "redirecting link" is a link contained within an e-mail which when clicked on,

13   will take the user to another web site.

14    29. A mail-loop is a situation which develops when e-mail is forwarded to another e-

15   mail account and is eventually forwarded back to an earlier forwarder in the chain, resulting in

16   an e-mail being infinitely forwarded.

17    30. Whois is the method to determine the owner of the domain name. *"Technically,*

18   *WHOIS is not the database, itself, but a protocol for submitting a query to a database in order*

19   *to find contact information for the owner of a domain name."* <u>Solid Host NL v. NameCheap</u>,

20   652 F. Supp. 2d 1092, 1095 n. 3 (C.D. Cal. 2009).

21

22   **THE BIOTRUST E-MAILS**

23    31. Plaintiff is complaining of seventy (70) e-mails received between November 1,

24   2012, and February 6, 2013, advertising website located at fatbunringhormone.com, hereinafter

25   referred to as the "Biotrust e-mails."

26    32. Each of the BioTrust e-mails advertised a redirecting link which in turn advertised

27   the domain name, and the web site located at, thefatburninghormone.com.

28    33. The whois information for the domain name thefatburninghormone.com indicates

29   that the domain name advertised is owned by Defendant Joel Marion.

30    34. Plaintiff is informed and believes and thereupon alleges that the website at

31   thefatburninghormone.com is an advertisement for Defendant BioTrust operated by Defendant

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

Marion.

35. There is nothing on the web site located at thefatburninghormone.com that indicates that the website is operated or owned by Defendant BioTrust.

36. The advertising on the website located at thefatburninghormone.com, the web site provides information on BioTrust Products directs the viewer to Defendant Biotrust's web site to place an order.

37. Plaintiff is informed and believes and thereupon alleges that Defendants hired a convicted criminal, Michael Persaud, to send some or all of the BioTrust e-mails.

38. Defendants BioTrust, and Marion are strictly liable for the spam as it advertised their domain names and products, regardless of their knowledge of the spam being sent. Hypertouch, Inc. v. ValueClick, Inc., 192 Cal. App. 4th 805.

39. Some of the BioTrust e-mails contains the third party domain name yahoo.com which Plaintiff is informed and believes, and therefore alleges were used without the permission of the owner of the domain name.

40. Some of the Biotrust e-mails included falsified *"Delivered-To"* headers.

41. Plaintiff is informed and believes and thereupon alleges that from lines in the headers were falsified.


THE SMARTLASH E-MAILS

42. Plaintiff is complaining of at least 30 e-mails advertising the Product "Smart Lash" at the web site located at dermstore.com which were bounced through Plaintiff's server between November 1, 2012 and June 1, 2013, hereinafter referred to as the "SmartLash e-mails." Plaintiffs believe he will find more as investigations are ongoing.

43. Each of the SmartLash e-mails contained redirecting link which in turn advertised the web page for the Smart Lash Product on the web site located at dermstore.com.

44. Plaintiff is informed and believes and thereupon alleges that both Dermstore LLC and Intelligent Beauty, Inc. own and operate the web site located at dermstore.com.

45. Plaintiff is informed and believes and thereupon alleges that both Dermstore LLC and Intelligent Beauty, Inc. Benefits from the Smart Lash e-mails.

46. Defendants SmartLash and Dermstore are "advertisers" pursuant to Cal. Bus. & Prof. Code § 17529.1(a) because they are persons or entities that advertise through the use of

-5-

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

commercial e-mail advertisements.

47. Each of the SmartLash e-mails contained a redirecting link, when in turn directed the user to the final advertised web site at dermstore.com advertising the Smart Lash product.

48. Dermstore and SmartLash are strictly liable for the SmartLash spam as it advertised their web site and product domain names, regardless of their knowledge of the spam being sent. Hypertouch, Inc. v. ValueClick, Inc., 192 Cal. App. 4th 805.

49. All of the SmartLash e-mails contains the third party domain name yahoo.com which Plaintiff is informed and believes, and therefore alleges were used without the permission of the owner of the domain name.

50. All of the SmartLash e-mails included falsified *"Delivered-To"* headers.

51. Plaintiff is informed and believes and thereupon alleges that from lines in the all of the SmartLash e-mails were falsified.

52. As a result of the falsified *"Delivered-To"* in the e-mail header, the e-mails were attempted to be returned to the sender of the e-mail.

53. When Plaintiff's server attempted return the e-mails to senders, as identified in the headers, the e-mails became stuck in Plaintiff's outbound server queue.

54. Plaintiff is informed and believes, and therefore alleges that all of the e-mails were stuck in Plaintiff's outbound queue as a result of the e-mail header being falsified.

## **FACTS COMMON TO ALL CLAIMS**

55. Plaintiff was the mail service provider of each of the complained of e-mails.

56. Plaintiff is informed and believes, and therefore alleges that each of the complained e-mails had domain names contained within the "From" lines which were registered through an anonymous proxy service or registered using false information.

57. Plaintiff is informed and believes and thereupon alleges that Defendants knew that each of the complained e-mails were not wanted by the recipient.

58. Plaintiff is informed and believes and thereupon alleges that Defendants knew that each of the complained e-mails were not wanted by the mail service provider.

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

**FIRST CAUSE OF ACTION**
(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17529.5)

59. Plaintiff hereby incorporates by reference paragraphs 1 through 63, inclusive, as if the same were fully set forth herein.

60. Each of the complained of e-mails were not solicited.

61. Each of the complained of e-mails traversed Plaintiff's mail server.

62. Plaintiff's e-mail addresses are California e-mail addresses as defined by California Business and Professions Code § 17529.1(b).

63. Each of the e-mail addresses that the e-mails were sent to are California e-mail addresses as defined by California Business and Professions Code § 17529.1(b).

64. Plaintiff is informed and believes and thereupon alleges that at all times relevant, the herein mentioned Defendants knew that their activities were in violation of the law.

65. Plaintiff was the mail service provider for each of the complained of e-mails.

66. For each of the complained of e-mails, each were had been processed by Plaintiff's server.

67. Plaintiff is informed and believes, and therefore alleges that each of the senders' domain names did not represent a real company and could not be readily traced back to to the true sender of the e-mails.

68. Plaintiff is informed and believes, and therefore alleges that each of the from lines in the e-mails were designed to prevent e-mail recipients from being able to identify the sender of the e-mails.

69. Plaintiff is informed and believes, and therefore alleges that each of the from lines in the e-mails were designed to prevent e-mail recipients from being able to contact the sender of the e-mails.

70. Plaintiff is informed and believes, and therefore alleges that each of the from lines in the e-mails were designed to prevent e-mail recipients from being able to identify the sender of the e-mails.

71. Plaintiff is informed and believes, and therefore alleges that complained of e-mails purported contained "From" lines containing nonsensically named domain names.

72. Plaintiff is informed and believes, and therefore alleges that complained of e-mails

-7-

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1   purported contained "From" lines domain names which did not identify the sender.

2    73. Plaintiff is informed and believes, and therefore alleges that complained of e-mails

3   purported contained "From" lines domain names which did not identify the advertiser.

4    74. Plaintiff is informed and believes, and therefore alleges that each of the

5   aforementioned domain names were either registered using a anonymous domain name proxy

6   service or using falsified information.

7    75. Plaintiff is informed and believes, and therefore alleges that a whois lookup on each

8   of the domain names contained within the e-mails would not have identified either the sender

9   or advertiser.

10    76. Plaintiff is informed and believes, and therefore alleges that complained of e-mails

11   contained "From" lines which included a non-functioning e-mail address.

12    77. Plaintiff is informed and believes, and therefore alleges that aforementioned non-

13   functioning e-mail addresses inclusion of a non-functioning e-mail address impaired the ability

14   of the recipient of the e-mails to contact the sender of the e-mail.

15    78. Plaintiff is informed and believes, and therefore alleges that aforementioned non-

16   functioning e-mail addresses inclusion of a non-functioning e-mail address impaired the ability

17   of the e-mail service provider to contact the sender of the e-mail.

18    79. The inclusion of a non-functioning e-mail address impaired the ability of the

19   recipient of the e-mails to contact the sender of the e-mail.

20    80. Plaintiff is informed and believes, and therefore alleges that complained of e-mails

21   purported contained "From" lines stating that it came from businesses that did not clearly

22   identify the Defendants.

23    81. Plaintiff is informed and believes, and therefore alleges that each of the complained

24   of e-mails purported advertised a redirecting link which when activated would have direct the

25   recipient to a web site of contained "From" lines to be from an e-mail addresses that were not

26   functioning.

27    82. Each of the complained of e-mails advertised a redirecting link, when in turn

28   directed the user to the final advertised web site, belong to Defendant

29    83. WHEREFORE, Plaintiff prays for judgment against Defendants damages as set

30   forth in the Prayer for relief.

31

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

A.   Statutory damages, under Cal. Bus. & Prof. Code § 17529.5 of $1,000 each for the spam e-mails received which advertising Defendant's domain names;

B.   General damages in an amount to be determined at trial;

C.   Attorney's fees and costs as allowed by law; and

D.   For such other and further relief as the Court may deem just and proper.


Dated:      August 4, 2013



Plaintiff,

William Silverstein, Plaintiff

**VERIFICATION**

The undersigned, for himself, declares:

I am Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. With respect the causes of action alleged by me, the same is true of my own knowledge, except as those matters which are therein stated on information and belief, and, to those matters, I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the forgoing is true and correct to the best of my knowledge.

Dated:      August 4, 2013



William Silverstein

-9-                           VERIFIED COMPLAINT
                    FOR DAMAGES AND INJUNCTIVE RELIEF

08/05/2013

*Exhibit A*

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31

# EXHIBIT A

VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

USDC SCAN INDEX SHEET

















LMH    9/1/99    10:49

3:98-CV-02284    AMERICA ONLINE INC V. PERSAUD

*17*

*JGM.*

STEINHART & FALCONER LLP
ANDREW J. BERMAN (State Bar No. 146200)
LISA M. SITKIN (State Bar No. 194127)
333 Market Street, Thirty-Second Floor
San Francisco, CA 94105-2150
Telephone:  (415) 777-3999
Facsimile:  (415) 442-0856

99 AUG 31 PM 2:58

Attorneys for Plaintiff
AMERICA ONLINE INCORPORATED

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICA ONLINE INCORPORATED, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ALEXANDER PERSAUD (a/k/a JAMES BUTTERFIELD, HENRY SUMMERS, BRIAN CRAWFORD) d/b/a ADVANCED NETWORK PROMOTIONS,<br><br>Defendant. | Case No. 98-CV-2284 TW (LAB)<br><br><br>**JUDGMENT** |

Pursuant to this Court's August 24, 1999 Order Granting Motion for Default Judgment; Awarding Restitution, Damages and Prejudgment Interest; Entering Permanent Injunctive Relief; and Terminating Case, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

Plaintiff America Online Incorporated ("AOL"), a Delaware corporation, shall have and recover from defendant Michael Alexander Persaud ("Persaud"), an individual, restitution in the amount of $ 490,000, damages in the amount of $ 54,600, and prejudgment interest of $ 35,809.32 (10 percent per annum accruing from the date of service of the Complaint in this action, December 27, 1998, to the date of entry of judgment, August 24, 1999) for a total judgment of $580,409.32; and that permanent injunctive relief shall be entered against Persaud as set forth in the August 23 Order.

DATED:  AUG. 31 , 1999

Hon. Thomas J. Whelan
United States District Judge

ENTERED ON  9-1-99

JUDGMENT
AOL v. Michael Alexander Persaud  et al., Case No. 98-CV-2284 TW (LAB)          Page 1
23066.1

08/05/2013

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
William Silverstein
3540 Wilshire Blvd, Suite 1205
Los Angeles, CA 90010

TELEPHONE NO.: (213) 632-5297       FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff in pro per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District -- Stanley Mosk Courthouse

*FOR COURT USE ONLY*

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 05 2013

JOHN A. CLARKE, CLERK

BY L. JOHNSON, DEPUTY

CASE NAME:
Silverstein v. Bio Trust Nutrition LLC et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 517126 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):*  1

5. This case [ ] is  [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 4, 2013
William Silverstein
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: Silverstein v. Bio Trust Nutrition LLC, et al. | CASE NUMBER BC 5 1 7 1 2 6 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Silverstein v. Bio Trust Nutrition LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation           Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Silverstein v. Bio Trust Nutrition LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Silverstein v. Bio Trust Nutrition LLC, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 3540 Wilshire Blvd. Suite 1205, Los Angeles, CA 90010 |
|---|---|
| CITY: Los Angeles | STATE: CA    ZIP CODE: 90010 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _August 9, 2013_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Bio Trust Nutrition LLC, Intelligent Beauty, Inc., DermStore Inc., Joel Marion, Michael Persaud, and DOES 1-50 inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

William Silverstein

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 0 5 2013

JOHN A. CLARKE, CLERK

BY L. JOHNSON, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*:  Los Angeles Superior Court - Central Dis<br><br>Los Angeles Superior Court - Central District, 111 North Hill St., Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso)*:<br><br>BC 517 126 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
William Silverstein, 3540 Wilshire Blvd. #1205, Los Angeles, CA 90010, 213-632-5297

| DATE: AUG 0 5 2013<br>*(Fecha)* | John A. Clarke | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| William Silverstein<br>3540 Wilshire Blvd.<br>Suite 1205<br>Los Angeles, CA 90010<br><br>TELEPHONE NO.: (213) 632-5297<br><br>ATTORNEY FOR: Plaintiff In Pro Per | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS AN(<br><br>SEP 10 2013 AP<br><br>John A. Clarke, Executive Officer/Clerk<br>BY_____, Deputy<br>A. Peller |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 N. Hill St.<br>MAILING ADDRESS: 111 N. Hill St.<br>CITY AND ZIP CODE: Los Angeles, 90012<br>BRANCH NAME: Central District Stanley Mosk Courthouse |

| PLAINTIFF: William Silverstein<br><br>DEFENDANT: Bio Trust Nutrition LLC, Intelligent Beauty, Inc.,<br>DermStore Inc., Joel Marion, Michael Persaud, and<br>DOES 1-50 inclusive | CASE NUMBER:<br>BC517126   D 16 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   f. other (specify documents):
   Civil Case Cover Sheet, XSummons (form SUM-100), XVerified Complaint and Exhibit A,, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, Stipulation – Early Organizational Meeting, Stipulation – Discovery Resolution, Informal Discovery Conference and Stipulation and Order – Motions in Limine

3. a. Party served:
   XMichael Persaud

4. Address where the party was served:
   XStrata Luxury Apartments – Lobby, 969 Market St., San Diego, CA 92101

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party on 8/7/2013 at 9:48 am

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. as an individual defendant.

7. **Person who served papers**
   a. Name: Michael Narey
      Firm: San Diego Legal and Process Services
   b. Address: PO BOX 124588, San Diego, CA 92112-4588
   c. Telephone number: (619) 797-6577
   d. **The fee for the service was:** $59.00
   e. I am:
      (3)   a registered California process server:
         (i) owner
         (ii) Registration No.: Process Server # 1794
         (iii) County: San Diego County

Page 1 of 2

| PLAINTIFF: William Silverstein | CASE NUMBER: |
| DEFENDANT: Bio Trust Nutrition LLC, Intelligent Beauty, Inc., DermStore Inc., Joel Marion, Michael Persaud, and DOES 1-50 inclusive | BC517126 |

8.  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/7/2013

_____
Michael Narey
(NAME OF PERSON WHO SERVED PAPERS)

▶ _____
(SIGNATURE)

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**        Job Number SDL-2013000304

D-16

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

William Silverstein

3540 Wilshire Blvd; Suite 1205
Los Angeles, CA 90010
TELEPHONE NO: (213) 632-5297          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*   William Silverstein

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 10 2013   AP

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
A. Pedler

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:   111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Los Angeles, CA 90012
BRANCH NAME:   Central District -- Stanley Mosk Courthouse

PLAINTIFF/PETITIONER:   William Silverstein

DEFENDANT/RESPONDENT:   Alivemax, et. all

| **REQUEST FOR** (Application) | [✓] Entry of Default | [ ] Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| | [ ] Court Judgment | | BC517126   D16 |

*Received SEP 10 2013 Default Section*

1. **TO THE CLERK:** On the complaint or cross-complaint filed
   a. on *(date):* X August 5, 1013
   b. by *(name):* X William Silverstein
   c. [✓] Enter default of defendant *(names):* X Michael Persaud

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

       *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
       (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
           [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
       (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse item 5).)*
       (3) [ ] for default previously entered on *(date):*

2. **Judgment to be entered.**                    Amount          Credits acknowledged          Balance
   a. Demand of complaint . . . . . . . . . . .   $                $                               $
   b. Statement of damages *
      (1) Special . . . . . . . . . . . . . . . . . .   $                $                               $
      (2) General . . . . . . . . . . . . . . . . . .   $                $                               $
   c. Interest. . . . . . . . . . . . . . . . . . . . .   $                $                               $
   d. Costs *(see reverse)* . . . . . . . . . . . .   $                $                               $
   e. Attorney fees . . . . . . . . . . . . . . . . .   $                $                               $
   f. **TOTALS** . . . . . . . . . . . . . . . . . .   $                $                               $

   g. **Daily damages** were demanded in complaint at the rate of: $          per day beginning *(date):*
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*
   Date: September 9, 2013
   William Silverstein                                    ▶
   (TYPE OR PRINT NAME)                                        (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [X] Default entered as requested on *(date):*   SEP 10 2013   John A. Clarke |
|---|---|
| | (2) [ ] Default NOT entered as requested *(state reason):* |
| | Clerk, by_____, Deputy |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]          **REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)          Code of Civil Procedure,
§§ 585–587, 1169
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CIV-100

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | William Silverstein | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Alivemax, et. all | BC517126 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not** for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:                                          c. Telephone no.:
   b. Street address, city, and zip code:                      d. County of registration:
                                                 e. Registration no.:
                                                 f. Expires on *(date):*

5. ☑ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. ☐ is ☑ is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☑ is not   on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☑ is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was
   a. ☐ **not mailed** to the following declarant, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names):*

   b. ☐ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
      (1) Mailed on *(date):* September 10, 2013     (2) To *(specify names and addresses shown on the envelopes):*
                                                 Michael Persaud
                                               969 Market St.
                                               San Diego, CA 92101

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: September 10, 2013

Michelle Valle

     (TYPE OR PRINT NAME)                          ▶ X *Michelle Valle*         (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees  . . . . . . . . . . . . . . . . . . . $
   b. Process server's fees  . . . . . . . . . . . . . . . . $
   c. Other *(specify):* Attorney Costs        $
   d. Expert witness fees              $
   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . $ _____
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

     (TYPE OR PRINT NAME)                             ▶                  (SIGNATURE OF DECLARANT)

8. ☑ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 9, 2013

William Silverstein

     (TYPE OR PRINT NAME)                             ▶                  (SIGNATURE OF DECLARANT)

NOTICE SENT TO:

Silverstein, William
3540 Wilshire Blvd., Ste. 1205
Los Angeles        CA   90010

FILE STAMP **FILED**

LOS ANGELES SUPERIOR COURT

SEP 2 3 2013

JOHN A. CLARKE, CLERK

BY SHERRIE WORKU, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| WILLIAM SILVERSTEIN | CASE NUMBER |
|---|---|
| Plaintiff(s), | BC517126 |
| VS. | |
| BIO TRUST NUTRITION LLC ET AL | **NOTICE OF CASE** |
| Defendant(s). | **MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _December 4, 2013_ at _8:45 am_ in Dept. 16 at 111 North Hill Street, Los Angeles, California 90012.

NOTICE TO DEFENDANT:        THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE
                            DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _September 23, 2013_

Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: _September 23, 2013_

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                                    Cal. Rules of Court, rule 3.720-3.730

FILED

LOS ANGELES SUPERIOR COURT
FILE STAMP

SEP 2 3 2013

JOHN A. CLARKE, CLERK

BY SHERRIE WORK, DEPUTY

NOTICE SENT TO:

Silverstein, William
3540 Wilshire Blvd., Ste. 1205
Los Angeles            CA   90010

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| WILLIAM SILVERSTEIN<br><br>Plaintiff(s),<br><br>VS.<br><br>BIO TRUST NUTRITION LLC ET AL<br>Defendant(s). | BC517126<br><br>**ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record: **PLAINTIFF**

You are ordered to appear for an Order to Show Cause Hearing on <u>December 4, 2013</u> at <u>8:45 am</u> in Dept. 16 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

> **ORDER TO SHOW CAUSE RE PROOF OF SERVICE and ORDER TO SHOW CAUSE**
> **RE ENTRY OF DEFAULT**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[X] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [X] Clerk's Office, Room <u>102</u> at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: <u>September 23, 2013</u>

_____
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: <u>September 23, 2013</u>

Sherri R. Carter, EXECUTIVE OFFICER/CLERK

By _____, Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-11 (Rev. 09/08)                                        LASC Local Rules, Chapter 7

John Du Wors, State Bar No. 233913
john@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
150 California Street, Suite 2100
San Francisco, CA 94111
Telephone: (415) 944-5422
Facsimile: (415) 944-5423

Attorneys for Defendants
Bio Trust Nutrition LLC and Joel Marion

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 04 2013

John A. Clarke, Executive Officer/Clerk
By _____

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| WILLIAM SILVERSTEIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BIO TRUST NUTRITION LLC, a Texas limited liability company, JOEL MARION, an individual, MICHAEL PERSAUD, an individual, and DOES 1-50,<br><br>Defendants. | No. BC517126<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

1

NOTICE TO ADVERSE PARTY OF REMOVAL

TO PLAINTIFF WILLIAM SILVERSTEIN IN PRO PER:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Central District of California on October 3, 2013. A copy of the said Notice of Removal is attached to this Notice as Exhibit 1, and is served and filed herewith.


Respectfully submitted this 4th day of October 2013.


**NEWMAN DU WORS LLP**

John Du Wors (State Bar No. 233913)
Leeor Neta (State Bar No. 233454)

Attorneys for Defendants
Bio Trust Nutrition LLC and Joel Marion

**RETURN TO CUSTOMER**

**CIVIL COVER SHEET**

## I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )

William Silverstein

## DEFENDANTS ( Check box if you are representing yourself ☐ )

Bio Trust Nutrition LLC, Joel Marion, Michael Persaud, and Does 1-50 inclusive

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)**

William Silverstein
3540 Wilshire Boulevard, Suite 1205
Los Angeles, CA 90010
(213) 632-5297

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)**

John Du Wors/Leeor Neta/(206) 274-2800
Newman Du Wors LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1332

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   CV13-08041

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [X] Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| [ ] Yes  [X] No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C:  Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true?  If so, check the one that applies: | C.2. Is either of the following true?  If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D,  below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D,  below. |
| If none applies, answer question C2 to the right.  ➡ | If none applies, go to the box below.  ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Western |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☐ NO  ☒ YES

If yes, list case number(s): 13-7343  *RGK (EX)*

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  _____  DATE: October 31, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |