John Du Wors, State Bar No. 233913
john@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:  (206) 274-2800
Facsimile:   (206) 274-2801

Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
150 California Street, Suite 2100
San Francisco, CA 94111
Telephone:  (415) 944-5424
Facsimile:   (415) 944-5423

Attorneys for Defendants
BioTrust Nutrition LLC and Joel Marion

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WILLIAM SILVERSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>BIOTRUST NUTRITION LLC, a Texas limited liability company, JOEL MARION, an individual, MICHAEL PERSAUD, an individual, and DOES 1-50,<br><br>Defendants. | No. 13-08041-RGK-E<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(B)(6)**<br><br>The Honorable R. Gary Klausner<br>Hearing Date:  December 9, 2013<br>Time:  9:00 a.m.<br>Location:  Courtroom 850 |

## I.    Introduction

Plaintiff William Silverstein alleges that he received at least 77 emails violating California's anti-spam statute. And he demands $1,000 per email from Defendants BioTrust Nutrition LLC and Joel Marion. His claims are based on alleged hyper-technical errors in email headers. But Plaintiff did not rely on any allegedly false information in any email, nor did he suffer damages.

Plaintiff does not state a cause of action because the Ninth Circuit has found that the federal CAN-SPAM Act[1] preempts his claims. In an identical case, the Honorable Phyllis J. Hamilton of the Northern District of California dismissed all claims with prejudice. Plaintiff has not even alleged a claim under the inconsistent state authority he cites. This Court should follow binding Ninth Circuit precedent—and Judge Hamilton—and dismiss this case with prejudice.

## II.   Issues

The federal CAN-SPAM Act preempts state anti-spam law unless claims arise from fraud. Plaintiff asserts claims under California's anti-spam law but does not allege claims sounding in fraud. Should the Court dismiss this case because CAN-SPAM preempts Plaintiff's claims? Alternatively, should the Court dismiss this case because Plaintiff has failed to allege a claim for relief?

## III.  Plaintiff's Factual Allegations

Plaintiff William Silverstein is an individual who claims to be an email service provider. (Complaint, ¶¶ 5, 55.) Defendant BioTrust Nutrition is a Texas LLC, of which Defendant Joel Marion is one of two members. (*Id.*, ¶ 7; Dkt. 4, ¶ 1.) BioTrust advertises weight loss products via the internet. (Complaint, ¶¶ 31-36.) Some of BioTrust's advertisements are distributed through email. (*Id.*)

---

[1] Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. §§ 7701, *et seq.*

1  Plaintiff claims to have received email advertisements for BioTrust (the
2  "BioTrust Emails"). (Complaint, ¶¶ 31-36.) The BioTrust Emails each contain a
3  link to the website, <www.thefatburninghormone.com>. (*Id.*) This site provides
4  information on weight loss and BioTrust's weight loss products.
5  (www.thefatburninghormone.com.) The main page contains a video that clearly
6  identifies BioTrust and Joel Marion. (*Id.*) Plaintiff claims the site is publicly
7  registered to Joel Marion. (Complaint, ¶ 33.)

8  Plaintiff does not allege he was unable to identify Defendants from the
9  BioTrust Emails or the linked website. Instead, he complains that the BioTrust
10  Emails contain improper headers. He alleges they contain the domain name,
11  <yahoo.com>, without the permission of Yahoo! Inc. (Complaint, ¶ 39.) Plaintiff
12  also complains that the BioTrust Emails contain inaccurate or mislabeled "to"
13  lines. (*Id.*, ¶ 40.) Plaintiff alleges that the "from" lines "contain[] nonsensically
14  named domain names" "designed to prevent e-mail recipients from being able to
15  identify . . . [or] contact the sender of the e-mails." (*Id.*, ¶¶ 68-69, 71-73, 80.) And
16  he claims that the domain names in the "from" lines are not registered to
17  Defendants. (*Id.*, ¶¶ 74-75.)

18  Plaintiff does not allege that Defendants acted negligently. Plaintiff does not
19  allege actual damages or a specific, identifiable injury. His only complaint is that
20  the emails contain inaccurate headers.

21  **IV.  Discussion**

22  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of
23  the complaint. The Court should dismiss under 12(b)(6) if the complaint: (1) lacks
24  a cognizable legal theory, or (2) contains insufficient facts under a cognizable legal
25  theory. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). To avoid
26  dismissal, the complaint's factual allegations "must be enough to raise a right to
27  relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
28  (2007).

**A.  Under the Ninth Circuit Gordon case, the federal CAN-SPAM Act preempts Plaintiff's claims in this case.**

Plaintiff asks this Court to endorse a state cause of action for email header inaccuracies and has expressly disclaimed reliance on CAN-SPAM. Specifically, Plaintiff argues that inaccuracies in certain "to" and "from" lines violate California's Business & Profession Code, Section 17529.5.[2]

But the federal CAN-SPAM Act expressly preempts Plaintiff's claims. *See* 15 U.S.C. § 7701, et seq. In *Gordon v. Virtumundo, Inc.*, the Ninth Circuit held that CAN-SPAM preempts all state anti-spam laws with "limited, narrow exception." 575 F.3d 1040, 1061, 1063 (9th Cir. 2009). That exception:  claims arising from "traditional tort theories" such as "fraud or computer crime." *Id. Gordon* involved a virtually identical cause of action. The *Gordon* plaintiff relied on Washington State's prohibition on emails that either "misrepresent[] or obscure[] any information in identifying the point of origin", i.e., the header.[3] *Id*. at 1057. Here, Plaintiff relies on Section 17529.5, which prohibits commercial email with "falsified, misrepresented, or forged header information".

Rejecting the *Gordon* plaintiff's claims, the Ninth Circuit held that state law claims regarding email header inaccuracies—like Plaintiff's—are preempted:

> [T]echnical allegations regarding the header information find no basis in traditional tort theories and therefore fall beyond the ambit of the exception language in the CAN-SPAM Act's express preemption clause.

---

[2] Unidentified section references hereafter are to the California Business and Professions Code.

[3] The Ninth Circuit's holding in *Gordon*—that state law claims not based on traditional theories of fraud are pre-empted—applies throughout the Ninth Circuit, not just in Washington where *Gordon* was decided. Indeed, *Gordon* forms the basis for Judge Hamilton's ruling in *Davison Design & Development Inc. et al., v. Cathy Riley*.

*Gordon*, 575 F.3d at 1064. Like *Gordon*, Plaintiff opportunistically seeks to make tens of thousands of dollars based on "technical allegations regarding the header information." *See id*. Plaintiff's claims are preempted.

Similarly, in *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348 (4th Cir. 2006), the Fourth Circuit rejected claims similar to Plaintiff's claims here. The Oklahoma statute made it unlawful to "misrepresent[] any information in identifying the point of origin or the transmission path of the electronic mail message" or to "[c]ontain[] false, malicious, or misleading information." *Id*. at 354. The *Omega* court held that the Oklahoma statute was preempted because it "seems to reach beyond common law fraud or deceit." *Id*. at 353-55. The Fourth Circuit agreed that Congress intended to save only "torts involving misrepresentations, rather than to sweep up errors that do not sound in tort." To hold otherwise would create "a loophole so broad that it would virtually swallow the preemption clause itself. . . ." *Id*.

The Northern District recently upheld *Gordon* and *Omega* in a case involving claims identical to those made here. In *Davison Design & Development Inc. et al., v. Riley*, No. 11-2970-PJH (N.D. Cal. filed June 16, 2011), an email recipient—Cathy Riley—asserted identical violations of Section 17529.5. After extensive briefing, the court dismissed Riley's Section 17529.5 claims for the same reasons that the Court should dismiss this case:

> The moving counter-defendants note that the federal CAN-SPAM Act expressly preempts all state laws related to spam e-mail, except to the extent that a state law "prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1). The Ninth Circuit considered the scope of this preemption exception in *Gordon v. Virtumundo*, 575 F.3d 1040 (9th Cir. 2009). In *Gordon*, the Ninth Circuit held that "the express language of § 7707 demonstrated Congress's intent that the CAN-SPAM Act broadly preempt state regulation of commercial e-mail with limited, narrow exception," and

further held that "the exception language, read as Congress intended, refers to 'traditionally tortious or wrongful conduct.'" *Id*. at 1061-62. Thus, consistent with the Ninth Circuit's holding, the court finds that Riley's counter-claims do not sound in tort, and thus are preempted by the federal CAN-SPAM Act. Accordingly, Riley's counter-claims are DISMISSED with prejudice.

*Davison Design & Development Inc. et al., v. Cathy Riley*, No. 11-2970-PJH, ECF No. 149 at 2:16-27. Judge Hamilton's ruling is clear and unequivocal: the only exception to the broad preemption of Section 17529.5 is conduct that "sound[s] in tort." *Id*. And because Riley could not allege reliance or damages, her claims were dismissed with prejudice. *See id*. Alleging that email headers do not identify the sender to the recipient's arbitrary satisfaction—without alleging reliance and damages—does not meet the necessary tort elements. *Id*. Plaintiff's claims should—like Riley's—be dismissed with prejudice.

### B. Since Plaintiff does not allege fraud or deceit, CAN-SPAM preempts his claims and the Court should dismiss this action.

Congress recognized that the "patchwork" of existing state anti-spam regulations made it "extremely difficult for law-abiding businesses to know with which of these disparate statutes they are required to comply." 15 U.S.C. § 7701(a)(11). So Congress preempted state law:

> This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

15 U.S.C. § 7707(b)(1). Congress clarified that only state laws that "relate to acts of fraud or computer crime" fall within the exception to preemption. *Gordon*, 575 F.3d at 1061, citing 15 U.S.C. § 7707(b)(2).

Plaintiff does not allege facts sufficient to support the elements of fraud or

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS—13-08041-CAS-MRW

computer crime. "The elements of fraud, which give rise to the tort action for deceit, are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of University of California*, 45 Cal. 4th 1244, 1255, 91 Cal. Rptr. 3d 532 (2009); *see also Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1089, 23 Cal. Rptr. 2d 101 (1993). The misrepresentation must be material and not consist of "mere error" or "insignificant inaccuracies." *Gordon*, 575 F.3d at 1061.

All of Plaintiff's allegations involve "insignificant inaccuracies." He claims, without explanation, that the BioTrust Emails contain "nonsensical" domain names that do not identify the sender on their face. (*See* Complaint, ¶¶ 68-69, 71-73, 80.) But he concedes the BioTrust Emails advertise BioTrust products. (*See id.*, ¶¶ 31-36.) And the emails all link to <www.thefatburninghormone.com>, which clearly identifies Defendants. (*Id.*) Plaintiff does not allege he was misled, let alone materially. There are no material misrepresentations. Plaintiff cannot plead fraud and his claims are preempted.

Nor can Plaintiff support a damages claim. Plaintiff's harm—receiving an email message—is insufficient under California law. In *Kleffman v. Vonage Holdings, Corp.*, 2007 U.S. Dist. LEXIS 40487 (C.D. Cal., May 23, 2007), *aff'd on other grounds*, 387 Fed. Appx. 696 (9th Cir. 2010), the plaintiff claimed harm from the receipt, opening, and reading of deceptive spam emails. The Honorable Gary A. Feess held that the plaintiff's claims are "clearly preempted" because he did not allege actual damages. *Id.* at *9. Similarly, Plaintiff in this case has failed to allege that he was injured by receiving, opening, or reading the alleged emails. Since Plaintiff cannot allege injury—let alone fraud—the Court should dismiss his complaint. *See also Asis Internet Servs. v. Optin Global Inc.*, 2008 U.S. Dist. LEXIS 34959 (N.D. Cal., Apr. 29, 2008).

1
2

### C.   The Court should not rely on inconsistent intermediate courts of appeal decisions rather than Gordon.

3   Plaintiff's complaint relies solely on *Balsam v. Trancos, Inc.*, 203 Cal. App. 4th

4   1083, 138 Cal. Rptr. 3d 108 (2012) and *Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal.

5   App. 4th 805, 123 Cal. Rptr. 3d 8 (2011).To the extent *Trancos* and *Hypertouch* hold

6   that California may regulate any email header inaccuracies, the California courts

7   are inconsistent with the scope of preemption identified by the Ninth Circuit. The

8   *Trancos* and *Hypertouch* opinions provide that Section 17529.5 contains different

9   elements than fraud. But they do not reconcile these differences with the Ninth

10   Circuit's determination that only claims arising from fraud or computer crime

11   survive preemption. *Trancos*, 203 Cal. App. 4th at 1101; *Hypertouch*, 192 Cal. App.

12   4th at 820; *Gordon*, 575 F.3d at 1061, 1063. Since *Trancos* and *Hypertouch* are

13   inconsistent with *Gordon*, the Court should ignore them.

14   Even so, California state court authority does not support Plaintiff's claims. In

15   *Trancos*, the court acknowledged that nonsensical or "fanciful" domain names did

16   not violate Section 17529.5 unless they were also "*untraceable.*" *Trancos*, 203 Cal.

17   App. 4th at 1098 (emphasis in original). An email that is traceable to the advertiser

18   or its marketing agent does not violate Section 17529.5. *See Kleffman v. Vonage*

19   *Holdings Corp.*, 49 Cal. 4th 334, 345 (Cal. 2010). In *Kleffman*, the California

20   Supreme Court was asked by the Ninth Circuit whether it is unlawful to "send

21   commercial e-mail advertisements from multiple domain names for the purpose of

22   bypassing spam filters." *Id.* at 337. The Court said "no." *Id.*

23   Plaintiff makes the same claim made in *Kleffman*: that the "from" lines

24   "contain[] nonsensically named domain names" "designed to prevent e-mail

25   recipients from being able to identify . . . [or] contact the sender of the e-mails."

26   (*Id.*, ¶¶ 68-69, 71-73, 80.) The California Supreme Court rejected such a claim and

27   this Court should too. Plaintiff also alleges the BioTrust Emails contain the domain

28   name, <yahoo.com>, without Yahoo's permission (*id.*, ¶ 39) and inaccurate "to"

1  lines. (*Id.*, ¶ 40.) But there is no evidence Yahoo did not give Defendants

2  permission to use this domain name. And there is no authority for Plaintiff's claim

3  that an inaccurate "to" line constitutes a violation of Section 17529.5.

4      Plaintiff further contends that he received emails with domain names that

5  could not be traced through a "whois lookup." (*See* Complaint, ¶¶ 74-75.) But he

6  admits no problem tracing the BioTrust Emails to Defendants. Links in the Emails

7  redirect through a website allegedly registered to Joel Marion. (*See id.*, ¶ 33.) That

8  site advertises BioTrust products and clearly identifies both Defendants. (*See id.*,

9  ¶¶ 31-36, 82.) Thus, even under California state court authority, Plaintiff fails to

10 state a claim.

11 **V.   Conclusion**

12     Without alleging actual harm or fraud, Plaintiff opportunistically seeks at least

13 $77,000 based on merely receiving email. Plaintiff cannot state a claim for relief. In

14 fact, Plaintiff's complaint is preempted by federal law. His attempt to misuse the

15 court system in the pursuit of riches should be denied and his complaint dismissed

16 with prejudice.

17

18     Respectfully submitted this 7th day of November 2013.

19

20                               **NEWMAN DU WORS LLP**

21

22                               _____

23                               John Du Wors (State Bar No. 233913)

24                               Leeor Neta (State Bar No. 233454)

25                               Attorneys for Defendants

26                               BioTrust Nutrition LLC and Joel Marion

27

28