John Du Wors, State Bar No. 233913
john@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile:  (206) 274-2801

Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
150 California Street, Suite 2100
San Francisco, CA 94111
Telephone: (415) 944-5424
Facsimile:  (415) 944-5423

Attorneys for Defendants
BioTrust Nutrition LLC and Joel Marion

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM SILVERSTEIN,<br><br>          Plaintiff,<br><br>     v.<br><br>BIOTRUST NUTRITION LLC, a Texas limited liability company, JOEL MARION, an individual, MICHAEL PERSAUD, an individual, and DOES 1-50,<br><br>          Defendants. | No. 13-08041-RGK-Ex<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S OBJECTIONS TO AND REQUEST TO STRIKE EVIDENCE IN SUPPORT OF REMOVAL (Dkt. 13)**<br><br>The Honorable R. Gary Klausner<br>Location:  Courtroom 850 |

Defendants BioTrust Nutrition LLC and Joel Marion hereby respond to Plaintiff William Silverstein's objections to evidence and request to strike portions of declarations submitted in support of Defendants' notice of removal (Dkt. 13). As a courtesy to the Court, the objected-to evidence, the nature of each objection and the response thereto is set forth below so the evidentiary issues may be dealt with in a single document.

## I. General response to objections

Plaintiff claims that he is objecting to the evidence. But that is inaccurate. In many instances, Plaintiff objects to the facts themselves, not the underlying evidence. These objections are improper.

Plaintiff also makes impermissibly vague objections. In several instances, he fails to specify the evidence to which each objection is made, and offers no argument in support of the objection.

## II. Specific responses to objections to Declaration of Joel Marion (Dkt. 4)

### A. Paragraph 2

Plaintiff objects to Paragraph 2 of the Declaration of Joel Marion, which states as follows: "I have reviewed the emails that BioTrust has allegedly sent to Plaintiff advertising its products. There are over 75 emails at issue." Plaintiff objects that this statement lacks foundation.

Paragraph 2 does not lack foundation. Joel Marion's declaration is based on his personal knowledge. He is one of two members of BioTrust Nutrition LLC. As such, he is very familiar with the company's practices and procedures. This includes every email allegedly sent to Plaintiff, not simply those provided by Plaintiff prior to the filing of the lawsuit. And Marion certainly "had the knowledge to understand the e-mails" that were allegedly sent by his company.

### B. Paragraph 3

Plaintiff objects to Paragraph 3 of the Declaration of Joel Marion, which states as follows: "Neither I nor BioTrust ever hired Michael Persaud to send email

advertising BioTrust's products. I had never heard of Michael Persaud prior to the filing of this lawsuit." Plaintiff objects that this statement lacks foundation and is irrelevant.

Paragraph 3 does not lack foundation. Marion's testimony that he "never heard of Michael Persaud prior to the filing of this lawsuit" is obviously based on his personal knowledge. Plaintiff's claim that this testimony lacks foundation is absurd.

Marion's testimony that "[n]either [he] nor BioTrust ever hired Michael Persaud" is also based on his personal knowledge. Marion is one of two members of BioTrust. As such, he is very familiar with the company's practices and procedures. This includes his knowledge of BioTrust's hiring practices, contractor and subcontractor relationships. And there is no doubt Marion is "in a position" to find out whether Persaud was ever hired directly or indirectly by BioTrust.

Paragraph 3 is also relevant. If Michael Persaud was never hired by BioTrust and never sent emails on its behalf, then he was fraudulently joined. If Persaud was fraudulently joined, he is ignored for purposes of determining diversity jurisdiction. Plaintiff claims that Paragraph 3 is irrelevant because Adconion Media, Inc.—a previously unnamed party—was allegedly joined as a defendant. But there is no evidence that Adconion Media was properly joined prior to removal. Even so, Adconion Media is fraudulently joined because it is a mere affiliate network that is not responsible for either sending or advertising in emails at issue. (*See* Terms and Conditions for Use of Adconion's Network: http://adconion.com/advertisers/united-states)

Finally, Plaintiff claims that the failure "to identify each of the parties who sent the e-mails at issue gives rise to an inference that Michael Persaud sent at least one of the e-mails in question." He relies on the "adverse inference" rule and cites to a D.C Circuit Court of Appeals decision. Plaintiff misinterprets this rule. An "adverse inference" instruction may only be given "in response to the destruction

or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Neither BioTrust nor Marion have destroyed or spoliated evidence. They simply have not identified every person responsible for sending or advertising in emails allegedly sent to Plaintiff. This matter is in the pre-pleading stage. There are no grounds for an adverse inference instruction.

## III. Specific responses to objections to Declaration of Leeor Neta (Dkt. 3)

### A. Paragraph 2

Plaintiff objects to Paragraph 2 of the Declaration of Leeor Neta, which states as follows: "I have had multiple conversations with Plaintiff William Silverstein regarding the basis for his claim that my clients hired Michael Persaud to send unsolicited commercial email messages on their behalf. Plaintiff has refused to provide any evidence supporting this claim. I am convinced that Plaintiff fraudulently joined Michael Persaud for the sole purpose of defeating diversity and avoiding binding Ninth Circuit authority that his claims are preempted." Plaintiff objects that this statement is speculative and lacks foundation.

Plaintiff does not explain how this statement lacks foundation. It is clear that the testimony is based on Neta's personal knowledge.

Nor is Paragraph 2 speculative. Neta has attempted on multiple occasions to meet and confer with Plaintiff regarding the latter's claim that Michael Persaud is fraudulently joined. Plaintiff has refused to provide any evidence supporting this charge. Neta is convinced that Plaintiff did not investigate his claims prior to filing the complaint. Defendants have threatened to seek Rule 11 sanctions and will do so unless Plaintiff strikes allegations regarding Persaud from the complaint.

Neta is convinced that Plaintiff is attempting to avoid binding Ninth Circuit authority that his claims are preempted. In response, Plaintiff suggests there is no such authority and mis-cites several state court decisions. But this is not an objection to the underlying evidence. Plaintiff objects to the fact itself. Such an objection is improper.

## IV. Specific responses to objections to Declaration of John Du Wors (Dkt. 5)

### A. Paragraph 2

Plaintiff objects to Paragraph 2 of the Declaration of John Du Wors, which states as follows: "I have litigated against Plaintiff William Silverstein in previous similar cases. His standard practice is to substitute counsel at some point during litigation in order to take advantage of the statutory fee award." Plaintiff objects that this statement is speculative and lacks foundation.

Plaintiff explains neither objection and instead argues that the statement is irrelevant. Plaintiff is incorrect. If Silverstein retains counsel in order to take advantage of the statutory fee award, there is no doubt the amount in controversy will greatly exceed $75,000. Silverstein does not dispute this fact. Instead, he points to facts that have nothing to do with the amount in controversy. This is not an objection to the underlying evidence. Plaintiff objects to the fact itself. Such an objection is improper.

Respectfully submitted this 19th day of November 2013.

NEWMAN DU WORS LLP

Leeor Neta (State Bar No. 233454)
John Du Wors (State Bar No. 233913)

Attorneys for Defendants
BioTrust Nutrition LLC and Joel Marion