JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 13-CV-08041-RGK (Ex) | Date | November 20, 2013 |
|---|---|---|---|
| Title | *William Silverstein v. Bio Trust Nutrition, LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**   **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On August 5, 2013, Plaintiff William Silverstein ("Plaintiff") brought an action in Los Angeles County Superior Court alleging that he received spam email messages in violation of the California Business & Professions Code. In the original complaint, Plaintiff named as defendants Bio Trust Nutrition, LLC ("Bio Trust"), Joel Marion, Michael Persaud, and fictitious defendants. On October 31, 2013, Plaintiff substituted Adconion Media, Inc. ("Adconion") for one of the fictitious defendants named in the Complaint and filed proof of service to Adconion in Superior Court. On October 31, 2013, Defendant Bio Trust removed the action to this Court.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441 et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Federal jurisdiction based on diversity of citizenship requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Defendant's Notice of Removal makes no mention of Adconion, the defendant substituted on October 31, 2013. Adconion appears to be a citizen of California. The "Business Entity Detail" for Adconion Media, Inc. on the California Secretary of State website lists a California address for

Adconion. Silverstein Decl. Ex. D (DE 14). Absent any evidence to the contrary, the Court is not persuaded that Adconion is not a citizen of California for diversity purposes. If Adconion is a California citizen, there is not complete diversity and this Court may not exercise jurisdiction based on diversity of citizenship.

Moreover, the Court is not persuaded that the amount in controversy exceeds 75,000 dollars. Plaintiff only complains of 70 spam emails Defendants allegedly sent him. The maximum statutory liquidated damages for these spam emails is 70,000 dollars. *See* Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii). While the California Business & Professions Code may also entitle Plaintiff to actual damages, the Court finds it unlikely that Plaintiff's receipt of 70 spam emails could have resulted in more than 5,000 dollars of actual damages. California Business & Professions Code may also entitle Plaintiff to recover attorneys' fees and costs. However, Plaintiff is currently proceeding in pro se. From the face of the Complaint, therefore, the Court is unable to conclude that it is more likely than not that the amount in controversy exceeds 75,000 dollars.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                                                                                                                                      :

Initials of Preparer